JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maria Pascale

**DEFENDANTS**
Tyrese K. Goldsboro and Lyft, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Camden County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dennis Pomo, Esq. - Pasquarella & Pomo
121 S. Broad Street, Suite 1200, Philadelphia, PA 19107
(215) 665-1900

Attorneys *(If Known)*
Jeffrey H. Quinn, Esq. and Allison L. Perry, Esq., Dickie, McCamey & Chilcote, PC, 1650 Arch St., Suite 2110, Philadelphia, PA 19103
(215) 925-2289

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding    ☒ 2  Removed from State Court    ☐ 3  Remanded from Appellate Court    ☐ 4  Reinstated or Reopened    ☐ 5  Transferred from Another District *(specify)*    ☐ 6  Multidistrict Litigation - Transfer    ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Personal injury action arising out of motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    5/1/20

SIGNATURE OF ATTORNEY OF RECORD
*Allison Perry*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Maria Pascale, 2438 South Darien Street, Philadelphia, PA 19148___

Address of Defendant: ___Tyrese K. Goldsboro, 215 Vineyard Road, Atco, NJ 08004 and Lyft, Inc., 185 Berry Street, #5000, San Francisco, CA 94107___

Place of Accident, Incident or Transaction: ___Broad and Reed Streets, Philadelphia, PA___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___5/1/20___     *Allison Perry*     306568

                  *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____

                 *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIA PASCALE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |

**RULE 7.1 DISCLOSURE STATEMENT FORM**
**OF DEFENDANT, LYFT, INC.**

Lyft, Inc. is a publicly held corporation traded on the Nasdaq Global Select Market with no parent corporation. Rakuten, Inc., a publicly held corporation traded on the Tokyo Stock Exchange, owns more than ten percent of Lyft's outstanding stock through subsidiaries.

Respectfully submitted,

Date:  5/1/20                      s/ Allison Perry

_____
Jeffrey H. Quinn, Esquire (PA ID No.:  46484)
jquinn@dmclaw.com
Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant,
Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Maria Pascale | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Tyrese K. Goldsboro and Lyft, Inc. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( x )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (  )


| 5/1/20 | Allison Perry | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 925-2289 | (888) 811-7144 | aperry@dmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MARIA PASCALE                                          :
                                                       :          CIVIL ACTION NO.
                            VS.                        :
                                                       :
TYRESE K. GOLDSBORO                                    :
                           AND                         :
LYFT, INC. a/k/a, t/a, d/b/a LYFT                      :

---

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of the Notice

of Removal filed on behalf of Defendant, Lyft, Inc., and any response thereto, it is hereby

ORDERED and DECREED that the same is granted and the action of <u>Maria Pascale v. Tyrese</u>

<u>K. Goldsboro and Lyft, Inc.</u>, February Term, 2020, No. 286, is removed from the Court of

Common Pleas of Philadelphia County, Pennsylvania and is transferred to the United States

District Court for the Eastern District of Pennsylvania.


BY THE COURT:


_____

UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIA PASCALE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
      EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Lyft, Inc. a/k/a, t/a, d/b/a, Lyft (hereinafter "Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, the jurisdiction in which this action is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.      This action was commenced by Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania at February Term, 2020, Number 286.

2.      Lyft was served with the Writ on March 6, 2020 and the undersigned counsel entered their appearance on Lyft's behalf on March 25, 2020.

3.      The Complaint was filed on April 1, 2020 and was deemed served upon Lyft on that date.  A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit A.

4.      Plaintiff seeks damages for personal injury allegedly sustained as a result of a motor vehicle accident occurring on February 15, 2018. See Exhibit A.

5.      At the time this action was commenced and at present, Lyft is a Delaware corporation that maintains its principal place of business at 185 Berry Street, #5000, San Francisco, CA 94107.

6.      Upon information and belief, at the time this action was commenced and at present, Defendant, Tyrese K. Goldsboro ("Goldsboro"), is an adult individual and a citizen, domiciliary, and resident of New Jersey, with a residence at 215 Vineyard Road, Atco, New Jersey 08004. See Exhibit A, ¶ 2.[1]

7.      Upon information and belief, at the time this action was commenced and at present, Plaintiff is an adult individual residing at 2438 South Darien Street, Philadelphia, Pennsylvania, and is a citizen, domiciliary, and resident of Pennsylvania. See Exhibit A, ¶ 1.

8.      The Complaint alleges that, as a result of the subject accident, Plaintiff sustained, *inter alia*, nasal and septal fractures requiring surgery and resulting in deformities, a C3-4 disc bulge, aggravation of C6-7 disc pathology, disc protrusions at L2-3, L3-4 and L4-5, lower extremity/knee injuries, lumbar radiculopathy and cervical, thoracic and lumbar spine injuries with myospasm. See Exhibit A, ¶ 24.

9.      The Complaint alleges that Plaintiff's claimed injuries are permanent. See Exhibit A, ¶¶ 24-26.

---

[1] Plaintiff's counsel has indicated that Mr. Goldsboro has been served; however, no affidavit of service has yet been filed and the undersigned counsel has been unable to verify service with Mr. Goldsboro, despite numerous efforts to do so.  Therefore, at this time, he is not considered properly served under 28 U.S.C. § 1446(b)(2)(A) and his consent is not required as a prerequisite for this removal.

10.     The Complaint alleges that Plaintiff has sustained a loss of earnings, and may sustain a loss of earnings in the future. <u>See</u> Exhibit A, ¶ 29.

11.     The Complaint alleges that Plaintiff has suffered pain, mental anguish and emotional distress. <u>See</u> Exhibit A, ¶ 16.

12.     The amount in controversy is alleged in the Complaint to exceed the sum of Fifty Thousand Dollars ($50,000.00).

13.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Defendant Lyft asserts the amount in controversy exceeds $75,000 because Plaintiff is permitted by state practice to recover damages in excess of the $50,000 demanded as a money judgment.

14.     Upon information and belief, the amount in controversy, as alleged based on the nature of the permanent injuries claimed, and without admitting to the existence or merit of same, exceeds Seventy-Five Thousand Dollars ($75,000.00).

15.     The present lawsuit is removable from the state court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) as there is complete diversity of citizenship between all parties to this action and the amount in controversy exceeds $75,000.

16.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, namely that the subject motor vehicle accident occurred in the City and County of Philadelphia.

17.     Copies of all process, pleadings and orders that have been received by Lyft are filed herewith and attached collectively hereto as Exhibit A.

18.     This Notice is timely being filed within thirty (30) days of service of the Complaint on Defendant Lyft.

WHEREFORE, Defendant, Lyft, Inc., respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.  A corresponding proposed order is attached hereto and entry thereof is requested.

Respectfully submitted,

Date:  5/1/20                     s/ Allison Perry

Jeffrey H. Quinn, Esquire (PA ID No.:  46484)
jquinn@dmclaw.com
Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| MARIA PASCALE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |

---

**<u>AFFIDAVIT</u>**

Allison L. Perry, Esquire, being sworn according to law deposes and says that she is the counsel for Defendant, Lyft, Inc. in the within matter; and that she has read the foregoing Notice of Removal and believes it to be true and correct, to the best of her knowledge or information and belief.

Respectfully submitted,

Date:  5/1/20                    *s/ Allison Perry*

_____

Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIA PASCALE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |

**<u>PROOF OF FILING</u>**

I, Allison L. Perry, Esquire, hereby certifies that a copy of the foregoing Notice of Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas of Philadelphia County on May 1, 2020.

Respectfully submitted,

Date:  5/1/20

*s/ Allison Perry*

_____

Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIA PASCALE | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |

## **CERTIFICATE OF SERVICE**

I, Allison L. Perry, Esquire, hereby certify that a copy of the attached has been served upon the following individual by first class, United States mail, postage pre-paid this 1st day of May, 2020.

Dennis A. Pomo, Esq.
Jennifer Pasquarella-LaTour, Esq.
*Pasquarella & Pomo*
121 South Broad Street, Suite 1200
Philadelphia, PA 19107

Respectfully submitted,

Date:  5/1/20

*s/ Allison Perry*
_____
Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorneys for Defendants
_____

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

_____

## NOTICE OF REMOVAL

TO:    PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Pursuant to 28 U.S.C.A. §1446(e), Lyft, Inc. files herewith a copy of the Notice of

Removal, which was filed in the United States District Court for the Eastern District of

Pennsylvania on May 1, 2020.

Respectfully submitted,

Date:  5/1/20                    *s/ Allison Perry*
                    _____
                    JEFFREY H. QUINN, ESQUIRE
                    ALLISON L. PERRY, ESQUIRE
                    Attorneys for Defendants

**EXHIBIT "A"**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*RECEIVED MAR 0 9 2020 By:* _____

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2020**

E-Filing Number: 2002005190

**000286**

| | |
|---|---|
| **PLAINTIFF'S NAME** MARIA PASCALE | **DEFENDANT'S NAME** TYRESE K. GOLDSBORO |
| **PLAINTIFF'S ADDRESS** 2438 SOUTH DARIEN STREET PHILADELPHIA PA 19148 | **DEFENDANT'S ADDRESS** 215 VINEYARD ROAD ATCO NJ 08004 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** LYFT, INC., ALIAS: A/K/A, T/A, D/B/A LYFT |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 185 BERRY STREET SUITE 5000 SAN FRANCISCO CA 94107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☐ Jury ☒ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** FEB **04** 2020 **A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER? YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MARIA PASCALE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY DENNIS A. POMO | ADDRESS 121 S BROAD ST SUITE 1200 PHILADELPHIA PA 19107 |
|---|---|
| PHONE NUMBER (215)665-1900 | FAX NUMBER (215)732-2072 | |
| SUPREME COURT IDENTIFICATION NO. 48381 | E-MAIL ADDRESS dapesq4u@yahoo.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY DENNIS POMO | DATE SUBMITTED Tuesday, February 04, 2020, 12:09 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**THIS IS A MAJOR NON-JURY MATTER** ~~led and Assested by the~~
**AN ASSESSMENT OF DAMAGES HEARING** ~~Records~~
04 ~~pm~~

PASQUARELLA & POMO
BY:  **DENNIS A. POMO, ESQUIRE**
     **JENNIFER A. LaTOUR, ESQUIRE**
Attorney ID No.:  48381/ 84570
121 S. Broad Street, Suite 1200
Philadelphia, PA 19107
Tel: (215) 665-1900/ Fax: (215) 732-2072    Counsels  for Plaintiff, Maria Pascale
Email:  pnpfirm@yahoo.com

---

| | |
|---|---|
| MARIA PASCALE | : |
| 2438 South Darien Street | : |
| Philadelphia, PA 19148 | : |
|         Plaintiff | : |
| | :    FEBRUARY TERM, 2020 |
|      vs. | : |
| TYRESE K. GOLDSBORO | :    NO.: |
| 215 Vineyard Road | : |
| Atco, NJ 08004 | : |
|      AND | : |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : |
| 185 Berry Street, Suite 5000 | : |
| San Francisco, CA 94107 | : |
|         Defendants | : |

---

## PRAECIPE TO ISSUE SUMMONS
## 2V - MOTOR VEHICLE ACCIDENT

PROTHONOTARY:

    Kindly issue a Civil Action Summons in the above-entitled matter returnable et. seq.

    I hereby certify that the amount in controversy is in excess of Fifty Thousand Dollars

($50,000.00).

                 **PASQUARELLA & POMO**

                 BY:

                     DENNIS A. POMO, ESQUIRE
                     JENNIFER A LaTOUR, ESQUIRE
                     Attorney for Plaintiff

Case ID: 200200286

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Maria Pascale
_____
*Plaintiff*

vs.

Tyrese K. Goldsboro & Lyft, Inc.a/k/a,t/a,d/b/a Lyft
_____
*Defendant*

: COURT OF COMMON PLEAS
:
: FEBRUARY ____Term, 20 20
:
:
: No._____
:
:
:

To¹

Tyrese K. Goldsboro & Lyft, Inc.,
_____

d/b/a Lyft,
_____

_____

# **Writ of Summons**

You are notified that the Plaintiff²
*Usted esta avisado que el demandante*

Maria Pascale
_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Record*

By: _____

Date: February 4, 2020



10-208 (Rev. 6/14)
_____

¹ Name(s) of Defendant(s)
² Name(s) of Plaintiff(s)

Case ID: 200200286

# Court of Common Pleas

February _____ Term, 20 _20_

No. _____

Maria Pascale
*Plaintiff*

vs.

Tyrese K. Goldsboro & Lyft, Inc.a/k/a,t/a,d/b
*Defendant*

# SUMMONS



CERTIFIED MAIL

$7.60⁰
US POSTAGE
FIRST-CLASS
FROM 19135
03/02/2020
stamps
endicia

9414 7118 9956 1075 2600 87

Lyft, Inc., Alias: a/k/a, t/a, d/b/a Lyft
185 Berry Street Suite 5000
San Francisco CA 94107-2503

RECEIVED

MAR 0 9 2020

By: ......................

LEONE
ENTERPRISE, INC.
6137 Mulberry Street, #1
Philadelphia, PA 19135

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.



*Filed and Attested by the
Office of Judicial Records
25 MAR 2020 11:51 am
M. RUSSO*

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

## PRAECIPE TO FILE COMPLAINT

TO THE PROTHONOTARY:

      Please enter a Rule upon Plaintiff to file a Complaint within twenty (20) days hereof or suffer the entry of a Judgment of Non Pros.

                            DICKIE, McCAMEY & CHILCOTE, P.C.

                                      *Jeffrey Quinn*

BY: _____
                        JEFFREY H. QUINN, ESQUIRE
                        ALLISON L. PERRY, ESQUIRE
                        Attorney(s) for Defendant,
                        Lyft, Inc.

## RULE TO FILE COMPLAINT

      AND NOW, this _____ day of _____, 2020, a Rule is hereby granted upon Plaintiff to file a Complaint within twenty (20) days after service hereof or suffer

200200286
25 MAR 2020 11:51 am
M. RUSSO

Case ID: 200200286

of a Judgment of Non Pros.

_____

PROTHONOTARY

Case ID: 200200286

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.



Filed and Attested by the
Office of Judicial Records
25 MAR 2020 11:49 am
M. RUSSO

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

## <u>ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY:

     Kindly enter our appearance as counsel for the defendant, Lyft, Inc., in the above captioned matter.

                            DICKIE, McCAMEY & CHILCOTE, P.C.

                            *Jeffrey Quinn*

BY:    _____
                            JEFFREY H. QUINN, ESQUIRE
                            ALLISON L. PERRY, ESQUIRE
                            Attorney(s) for Defendant,
                            Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Lyft, Inc.

_____

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

_____

## **DEMAND FOR JURY TRIAL**

TO THE PROTHONOTARY:

     Defendant, Lyft, Inc., above named hereby demands a jury trial in the above

captioned matter.  Said jury to consist of 12 jurors.

                        DICKIE, McCAMEY & CHILCOTE, P.C.

                        *Jeffrey Quinn*

BY:   _____
                      JEFFREY H. QUINN, ESQUIRE
                      ALLISON L. PERRY, ESQUIRE
                      Attorney(s) for Defendant,
                      Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Tyrese K. Goldsboro



*Filed and Attested by the Office of Judicial Records 29 APR 2020 12:06 pm M. RUSSO*

---

| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

---

## <u>ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY:

     Kindly enter our appearance as counsel for the defendant, Tyrese K. Goldsboro, in the above captioned matter.

                DICKIE, McCAMEY & CHILCOTE, P.C.

                *Jeffrey Quinn*

BY:    _____
                JEFFREY H. QUINN, ESQUIRE
                ALLISON L. PERRY, ESQUIRE
                Attorney(s) for Defendant,
                Tyrese K. Goldsboro

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorney(s) for Defendant, Tyrese K. Goldsboro

_____

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| TYRESE K. GOLDSBORO | : | FEBRUARY TERM, 2020 |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | NO:  286 |

_____

### <u>DEMAND FOR JURY TRIAL</u>

TO THE PROTHONOTARY:

     Defendant, Tyrese K. Goldsboro, above named hereby demands a jury trial in the

above captioned matter.  Said jury to consist of 12 jurors.

                             DICKIE, McCAMEY & CHILCOTE, P.C.

                             *Jeffrey Quinn*

BY:   _____

                             JEFFREY H. QUINN, ESQUIRE
                             ALLISON L. PERRY, ESQUIRE
                             Attorney(s) for Defendant,
                             Tyrese K. Goldsboro

**THIS IS A MAJOR NON-JURY MATTER**
**AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

*Filed and Attested by the Office of Judicial Records 01 MAY 2020 03:52 pm E. MEENAN*

**PASQUARELLA & POMO**
**BY: DENNIS A. POMO, ESQUIRE**
**JENNIFER A. LaTOUR, ESQUIRE**
Attorney ID No.: 48381/ 84570
121 S. Broad Street, Suite 1200
Philadelphia, PA 19107
Tel: (215) 665-1900/ Fax: (215) 732-2072
Email: pnpfirm@yahoo.com

Counsels for Plaintiff, Maria Pascale

| | | |
|---|---|---|
| MARIA PASCALE | : | COURT OF COMMON PLEAS |
| 2438 South Darien Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19148 | : | |
| Plaintiff | : | |
| | : | FEBRUARY TERM, 2020 |
| vs. | : | |
| TYRESE K. GOLDSBORO | : | NO.: 00286 |
| 215 Vineyard Road | : | |
| Atco, NJ 08004 | : | |
| AND | : | |
| LYFT, INC. a/k/a, t/a, d/b/a LYFT | : | |
| 185 Berry Street, Suite 5000 | : | |
| San Francisco, CA 94107 | : | |
| Defendants | : | |

## PRAECIPE TO REINSTATE

TO THE PROTHONOTARY:

Kindly reinstate the Civil Action Complaint in the above-captioned matter.

PASQUARELLA & POMO

BY: *Dennis A. Pomo*

DENNIS A. POMO, ESQUIRE
Attorney for Plaintiff

Case ID: 200200286

THIS IS A MAJOR NON-JURY CASE.
AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
01 APR 2020 03:02 pm
E. MEENAN

**PASQUARELLA & POMO**
BY:  DENNIS A. POMO, ESQUIRE
Attorney ID No.: 48381
121 S. Broad Street, Suite 1200
Philadelphia, PA 19107
Tel: (215) 665-1900
Email: pnpfirm@yahoo.com

*Counsel for Plaintiff, Maria Pascale*

| | | |
|---|---|---|
| **MARIA PASCALE**<br>2438 South Darien Street<br>Philadelphia, PA 19148 | : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff | : | |
| vs. | : <br> : | |
| **TYRESE K. GOLDSBORO**<br>215 Vineyard Road<br>Atco, NJ 08004<br>and | : <br> : <br> : <br> : | FEBRUARY TERM, 2020<br>NO.: 0286 |
| **LYFT, INC. a/k/a., d/b/a LYFT**<br>185 Berry Street, Suite 5000<br>San Francisco, CA 94107 | : <br> : <br> : | |
| Defendants | : | MAJOR NON-JURY |

## NOTICE TO PLEAD
### CIVIL ACTION – COMPLAINT
### 2V – MOTOR VEHICLE ACCIDENT

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claims in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION CENTER**
**One Reading Center**
        Philadelphia, PA 19107
**Telephone:  (215) 238-1701**

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion Ademas, la corte puede decidir a favor del demandante y reqiere que usted cumpla con todas las proviciones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACION DE LICENDIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACION LEGAL**
**One Reading Center**
**Filadelfia, PA 19107**
**Telefono: (215) 238-1701**

1

THIS IS A MAJOR NON-JURY CASE.
AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED.

**PASQUARELLA & POMO**
BY: DENNIS A. POMO, ESQUIRE
Attorney ID No.: 48381
121 S. Broad Street, Suite 1200
Philadelphia, PA 19107
Tel: (215) 665-1900
Email: pnpfirm@yahoo.com

*Counsel for Plaintiff, Maria Pascale*

| | | |
|---|---|---|
| **MARIA PASCALE**<br>2438 South Darien Street<br>Philadelphia, PA 19148 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| **TYRESE K. GOLDSBORO**<br>215 Vineyard Road<br>Atco, NJ 08004 | : | FEBRUARY TERM, 2020<br>NO.: 0286 |
| and | : | |
| **LYFT, INC. a/k/a., d/b/a LYFT**<br>185 Berry Street, Suite 5000<br>San Francisco, CA 94107 | : | |
| Defendants | : | MAJOR NON-JURY |

## CIVIL ACTION – COMPLAINT
## 2V – MOTOR VEHICLE ACCIDENT

Plaintiff, Maria Pascale, by and through her undersigned counsel, Pasquarella & Pomo, hereby files this Civil Action - Complaint against Defendants, Tyrese K. Goldsboro and Lyft, Inc. a/k/a, d/b/a Lyft, and in support thereto avers as follows:

1.      Plaintiff, Maria Pascale (herein "Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania who currently resides at the above-captioned address.

2.      Defendant, Tyrese K. Goldsboro (herein "Defendant") is an adult individual and citizen of the State of New Jersey who, based upon information and belief, currently resides at the above-captioned address.

2

Case ID: 200200286

3.      Defendant, Lyft, Inc. a/k/a, d/b/a Lyft (herein "Lyft") is a business entity organized and existing under the laws of State of Delaware, which maintains its principal place of business at the above-captioned address.

4.      At all material times herein, Lyft was duly registered to and authorized to conduct business within the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

5.      At all material times herein, Lyft was, in fact, regularly and systematically conducting business within the City and County of Philadelphia as a part of its general business operations and in furtherance of its business interests thereto.  It is further believed and averred that said regular and systematic business transactions were vital to Lyft's business operations and/or viability.

6.      It is believed, and therefore averred, that Lyft regularly and purposefully availed itself of the City and County of Philadelphia's jurisdiction.

7.      The careless and/or negligent conduct giving rise to the subject litigation occurred in the Commonwealth of Pennsylvania.

8.      Venue is proper in Philadelphia County pursuant to the Pennsylvania Rules of Civil Procedure.

## **FACTUAL BACKGROUND**

9.      On or about February 15, 2018, Plaintiff was a passenger seated inside of a motor vehicle Defendant was operating north on Broad Street, at or near the intersection of Broad Street and Reed Street, in the City and County of Philadelphia, Pennsylvania.

10.     At the aforesaid location, Defendant, suddenly and without warning, slammed into the rear of the motor vehicle in front of it while it was lawfully stopped at a red traffic light

3

11.     During the crash sequence, Plaintiff was violently thrown about inside of the motor vehicle Defendant was operating, slamming her face and head.

12.     It is believed and therefore averred, that at all material times hereto, Defendant was working for Lyft when the accident occurred.

13.     It is believed and therefore averred, that at all material times hereto, Defendant was acting as Lyft's employee, agent, servant, workman, driver, and/or representative, then and there engaged in and acting within the course and scope of his employment and/or agency for Lyft, and in furtherance of its business interests thereto.

14.     At all materials times hereto, Lyft is vicariously liable under the doctrine of *respondeat superior* for the careless and/or negligent conduct of its employee, agent, servant, driver, and/or representative, Defendant, as set forth in detail herein.

15.     Defendant had a legal duty and/or obligation to operate his motor vehicle in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper and safe operation of motor vehicles in the Commonwealth of Pennsylvania.

16.     Defendant breached the legal duty and/or obligation he had to operate his motor vehicle in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper and safe operation of motor vehicles in the Commonwealth of Pennsylvania.

17.     Lyft had a legal duty and/or obligation to assure that any and all individuals, agents, servants, employees, drivers and/or representatives operating a motor vehicle and transporting its customers on its behalf did so in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper and safe operation of motor vehicles on the streets of the Commonwealth of Pennsylvania.

4

Case ID: 200300286

18.     Lyft violated its duty and/or obligation to assure that any and all individuals, agents, servants, employees, drivers and/or representatives operating a motor vehicle and transporting its customers on its behalf did so in a safe and prudent manner, and in conformity with the rules and regulations governing the lawful and/or proper and safe operation of motor vehicles on the streets of the Commonwealth of Pennsylvania.

19.     As a result of the aforementioned motor vehicle accident, as well as the Defendants' breaches of their respective legal duties and/or responsibilities, Plaintiff sustained serious and permanent physical injuries, as well as incurred significant economic damages, all of which are set forth in greater detail below.

## COUNT I

## PLAINTIFF, MARIA PASCALE VS. DEFENDANT, TYRESE K. GOLDSBORO

20.     Plaintiff hereby incorporates by reference Paragraphs 1 through 19 of her Civil Action - Complaint, as if fully set forth herein.

21.     The serious and permanent physical injuries Plaintiff sustained, as well as the economic damages she incurred and will continue to incur in the future, which will be set forth hereinafter, were solely, jointly and/or severally caused by the negligent and/or careless conduct of Defendant.

22.     The serious and permanent physical injuries Plaintiff sustained, as well as the economic damages she incurred and will continue to incur in the future, which will be set forth hereinafter, were the direct and proximate result of the negligent and/or careless conduct of Defendant.

23.     The negligence and/or carelessness of Defendant on or about February 15, 2018 consisted of the following:

5

a. Failing to properly and/or safely operate and/or control his motor vehicle;

b. Driving at an excessive and/or unsafe speed under the circumstances;

c. Disregarding the rights, safety and position of the motor vehicle he hit;

d. Failing to make and/or maintain a proper lookout;

e. Failing to abide by all traffic control devices;

f. Failing to maintain attention to and follow the flow of traffic ahead;

g. Being distracted while driving;

h. Failing to take and/or employ evasive maneuvers to avoid and/or prevent the accident in question;

i. Failing to maintain proper distance between his vehicle and that which was in front of his vehicle;

j. Failing to exercise ordinary and reasonable care to avoid a collision;

k. Failing to operate a motor vehicle with due care and without distraction;

l. Failing to execute a driving maneuver safely and/or carefully; and

m. Violating the local ordinances, regulations, and traffic laws of Philadelphia County and the Commonwealth of Pennsylvania, pertaining to the safe operation of motor vehicles.

24. Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff sustained serious injuries, all of which are or may be of a permanent nature, including, but not limited to: nasal and septal fractures and injuries/deformities requiring surgery; C3-C4 disc bulge; aggravation/exacerbation C6-C7 disc pathology; L2-L3 disc protrusion; L3-L4 disc protrusion; L4-L5 disc protrusion; lower extremity/knee injuries; lumbar radiculopathy; acute post-traumatic cervical, thoracic and lumbar spine injuries with myospasm; as well as any other injuries, conditions, syndromes and/or diagnoses to be determined by her physicians.

Case ID: 200200286

25.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth above, Plaintiff sustained serious injuries, all of which are or may be of a permanent nature, including, but not limited to, severe and extensive damages to her blood vessels, tissues, muscles, tendons, bones, joints and/or nerves of her face, head, neck, mid and lower back, and upper and lower extremities, permanent serious facial disfigurement, as well as severe anxiety and emotional distress, the full extent of which is not yet known.

26.     Plaintiff believes, and therefore avers, that her injuries are permanent in nature.

27.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff has in the past and will in the future continue to experience severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

28.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine, medical devices and medical attention, and may be required to expend additional sums for the same purpose for an indefinite period of time into the future.

29.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff has in the past and/or may in the future continue to suffer a severe loss of earnings and/or impairment of her earning capacity and power, which such loss of income is likely to continue for an indefinite period of time into the future.

30.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff has suffered and will in the future continue to suffer great pain and

7

Case ID: 200200286

suffering, discomfort, embarrassment, mental anguish, humiliation, emotional distress, and the ability to enjoy the pleasures of life has been and will be in the future interrupted and/or impaired.

31.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff sustained significant economic losses and property damage.

32.     Solely as a result of the negligent and/or careless conduct of Defendant, as set forth in detail above, Plaintiff has been forced to undergo extensive medical treatment and will likely continue to undergo the same for an indefinite period of time into the future.

**WHEREFORE**, Plaintiff, Maria Pascale, demands judgment against Defendant, Tyrese K. Goldsboro, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable attorneys' fees, and any other amounts as this Court deems appropriate.

## COUNT II

## PLAINTIFF, MARIA PASCALE VS. DEFENDANT, LYFT, INC. A/K/A, D/B/A LYFT

33.     Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of her Civil Action - Complaint, as if fully set forth herein.

34.     The serious and permanent physical injuries Plaintiff sustained, as well as the economic damages she incurred and will continue to incur in the future, which will be set forth hereinafter, were solely, jointly and/or severally caused by the negligent and/or careless conduct of Lyft.

35.     The serious and permanent physical injuries Plaintiff sustained, as well as the economic damages she incurred and will continue to incur in the future, which will be set forth hereinafter, were the direct and proximate result of the negligent and/or careless conduct of Lyft.

Case ID: 200200286

36.     The negligence and/or carelessness of Lyft on or about February 15, 2018 consisted of the following:

    a.    Permitting Defendant to operate the motor vehicle involved in the subject accident on its behalf and for the transportation of its customers without first ascertaining whether or not he was capable of properly, lawfully and/or carefully operating said vehicle on the streets of the Commonwealth of Pennsylvania;

    b.    Permitting Defendant to possess and operate the motor vehicle involved in the subject accident on its behalf on the streets of the Commonwealth of Pennsylvania and transport its customers when it knew and/or should have known with the exercise of reasonable care and/or due diligence under the circumstances that Defendant was capable of, likely and/or inclined to commit the careless and/or negligent acts set forth above, which caused Plaintiff to sustain permanent physical injuries, economic losses and/or other damages, both presently as well as in the future;

    c.    Entrusting the subject motor vehicle and transportation of its passenger, Plaintiff, to a careless and/or negligent driver, namely Defendant, who committed the careless and/or negligent acts set forth above;

    d.    Failing to warn those passengers traveling inside of Defendant's motor vehicle, namely Plaintiff, that they would be exposed to his careless and/or negligent operation of the vehicle involved in the subject accident, as set forth above, when it either knew and/or in the exercise of reasonable care and/or due diligence under the circumstances should have known the same;

    e.    Failing to assure any and all individuals operating motor vehicles on behalf of Lyft and/or transporting Lyft customers for hire, including Defendant, were capable of the safe operation of a motor vehicle;

    f.    Failing to properly and/or sufficiently educate and/or train any and all individuals operating motor vehicles on behalf of Lyft and/or transporting Lyft customers for hire, including Defendant;

    g.    Failing to properly and/or sufficiently supervise and/or monitor any and all individuals operating motor vehicles on behalf of Lyft and/or transporting Lyft customers for hire, including Defendant; and

    h.    Failing to have sufficient, adequate and/or any policies and procedures for any and all individuals operating motor vehicles on behalf of Lyft and/or transporting Lyft customers for hire, including Defendant, related to the safe, proper and prudent operation of motor vehicles and the transportation of customers, such as Plaintiff.

Case ID: 200200286

37.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff sustained serious injuries, all of which are or may be of a permanent nature, including, but not limited to: nasal and septal fractures and injuries/deformities requiring surgery; C3-C4 disc bulge; aggravation/exacerbation C6-C7 disc pathology; L2-L3 disc protrusion; L3-L4 disc protrusion; L4-L5 disc protrusion; lower extremity/knee injuries; lumbar radiculopathy; acute post-traumatic cervical, thoracic and lumbar spine injuries with myospasm; as well as any other injuries, conditions, syndromes and/or diagnoses to be determined by her physicians

38.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth above, Plaintiff sustained serious injuries, all of which are or may be of a permanent nature, including, but not limited to, severe and extensive damages to her blood vessels, tissues, bones, muscles, tendons, joints and/or nerves of her face, head, neck, mid and lower back, and upper and lower extremities, permanent serious disfigurement, as well as severe anxiety and emotional distress, the full extent of which is not yet known.

39.     Plaintiff believes, and therefore avers, that her injuries are permanent in nature.

40.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff has in the past and will in the future continue to experience severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

41.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine, medical devices and medical attention, and may be

Case ID: 200200286

required to expend additional sums for the same purpose for an indefinite period of time into the future.

42.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff has in the past and/or may in the future continue to suffer a severe loss of earnings and/or impairment of her earning capacity and power, which such loss of income is likely to continue for an indefinite period of time into the future.

43.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff has suffered and will in the future continue to suffer great pain and suffering, discomfort, embarrassment, mental anguish, humiliation, emotional distress, and the ability to enjoy the pleasures of life has been and will be in the future interrupted and/or impaired.

44.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff sustained significant economic losses and property damage.

4.     Solely as a result of the negligent and/or careless conduct of Lyft, as set forth in detail above, Plaintiff has been forced to undergo extensive medical treatment and will likely continue to undergo the same for an indefinite period of time into the future.

**WHEREFORE**, Plaintiff, Maria Pascale, demands judgment against Defendant, Lyft, Inc. a/k/a, t/a, d/b/a Lyft, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, reasonable attorneys' fees, and any other amounts as this Court deems appropriate.

11

Case ID: 200200286

PASQUARELLA & POMO

BY:    _*Dennis A. Pomo, Esquire*_
       Dennis A. Pomo, Esquire
       *Counsel for Plaintiff, Maria Pascale*

Date: April 1, 2020

12

## VERIFICATION

_Maria Pascale_____, hereby states that he/she is the plaintiff.

in the foregoing action and verifies that the statements made in the foregoing pleading are true and

correct to the best of his/her knowledge, information, and belief. The undersigned understands that

the statements therein are made subject to the penalties of 18 PA. C.S. 4904 relating to unsworn

falsification to authorities.

_3/31/2020_
DATE

Ⓧ _M&S Pascale_____

13